**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PIMAX MANAGEMENT, LLC**                                                     **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:22-cv-321-TBM-RPM**

**LYNN ALLEN FLOYD** *and*
**L. LA'RON POSEY**                                                     **DEFENDANTS**

<u>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**</u>

Now before the Court are Pimax Management, LLC's Motions for Default Judgment [10], [13] as to Defendant Lynn Allen Floyd and Defendant L. La'Ron Posey. Pimax Management asserts that the Defendants defaulted on a loan and now owe the outstanding balance, plus interest, attorney's fees as provided in the promissory note, and costs. The Court finds that the Motions [10], [13] are well taken.

## I. FACTS AND PROCEDURAL HISTORY

In July of 2020, Defendants Lynn Allen Floyd and L. La'Ron Posey executed a promissory note with Pimax Management to secure funding for Aquaponics of Mississippi, Inc. [1], ¶ 7. Through the promissory note, the Defendants agreed to pay Pimax Management $150,000 with interest from July 11, 2020, on the unpaid principal at the rate of 3% per year. [1], ¶ 7. Payment was due on December 1, 2020. [1], ¶ 8. Pimax Management demanded payment, but the Defendants refused to pay. [1], ¶ 8. Accordingly, Pimax Management filed this action on November 23, 2022, requesting $150,000 plus interests, costs, and attorney's fees as provided for in the promissory note. [1], ¶ 9. Specifically, Pimax Management requests $12,108.06 in interest and $3,500 in attorney's fees for a total of $165,608.06, "together with costs of this action and interest as provided by law from the date of judgment." [10-1], ¶ 3; [13-1], ¶ 3.

Defendant Lynn Allen Floyd was served with process on January 18, 2023, and her answer was due February 8, 2023. [3]. After no answer was filed, Pimax Management filed a Motion for Entry of Default [6] on March 14, 2023. The Clerk's Entry of Default [7] was entered against Lynn Allen Floyd on March 15, 2023. Pimax Management then filed its Motion for Default Judgment [10] as to Defendant Lynn Allen Floyd on March 21, 2023. To date, Defendant Lynn Allen Floyd has not filed an answer or other pleading.

Defendant L. La'Ron Posey was served with process on February 23, 2023, and his answer was due March 16, 2023. [8]; [9]. After no answer was filed, Pimax Management filed a Motion for Entry of Default [11] on March 22, 2023. The Clerk's Entry of Default [12] was entered against L. La'Ron Posey on March 22, 2023. Pimax Management filed its Motion for Default Judgment [13] as to Defendant L. La'Ron Posey on March 27, 2023. To date, Defendant L. La'Ron Posey has not filed an answer or other pleading.

## II. DISCUSSION AND ANALYSIS

The Court may enter default judgment pursuant to Federal Rule of Civil Procedure 55 "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55. The Court finds the Complaint's allegations are well-pleaded and should be accepted as true. *See LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14-cv-39-KS, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014) ("By his default, a defendant admits the well-pleaded allegations of fact in the complaint."). Furthermore, the record includes a copy of the promissory note [1-1] at issue and affidavits [10-1], [13-1] substantiating the damages claimed. *Joe Hand Promotions, Inc. v. Cigars El Puro's Perfecto LLC*, No. 1:21-cv-307-LG, 2022 WL 1123795, at *2 (S.D. Miss. Apr. 14, 2022) (citing *James v.*

2

*Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Given the evidence of damages submitted by Pimax Management, which remains unopposed, the Court finds that a hearing on damages is not required. *United States Specialty Ins. Co. v. Smith*, No. 1:20-cv-257-HSO, 2021 WL 6882309, at *2 (S.D. Miss. Jan. 19, 2021) (citing *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Pimax Management will be awarded $150,000 plus 3% interest from July 11, 2020, in the sum of $12,108.06 and costs of collection and reasonable attorney's fees, as provided for in the promissory note, in the sum of $3,500. Accordingly, the total sum awarded to Pimax Management is $165,608.06, together with interest as provided by 28 U.S.C. § 1961 from the date of judgment. Any request for costs or attorney's fees related to this action should be filed in accordance with Rule 54 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED AND ADJUDGED that Pimax Management, LLC's Motion for Default Judgment [10] as to Defendant Lynn Allen Floyd is GRANTED.

IT IS FURTHER ORDERED that Pimax Management, LLC's Motion for Default Judgment [13] as to Defendant L. La'Ron Posey is GRANTED.

IT IS FURTHER ORDERED that Pimax Management, LLC is awarded damages against Defendants Lynn Allen Floyd and L. La'Ron Posey in the amount of $165,608.06, together with interest as provided by 28 U.S.C. § 1961. A separate Default Judgment will be entered.

This, the 4th day of May, 2023.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE